KLEIMENHAGEN, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*December 2, 1885 — January 12, 1886.*

*Railroads: Negligence: Defective door on stock car: Injury to person: Court and jury.*

The evidence in this case (stated in the opinion) is *held* not to show any negligence or defect in the construction or condition of a sliding door in a stock car, which, while he was attempting to open it, became detached and fell upon and injured the plaintiff.

APPEAL from the Circuit Court for *Monroe* County.

Action to recover damages for personal injuries alleged to have been caused by the defendant's negligence in furnishing a defective and dangerous car for the transportation of the plaintiff's live-stock. On November 20, 1884, the plaintiff shipped a load of cattle and hogs in the car in question at Lindon and Kilbourn, to be transported to Milwaukee, and himself went with the stock as far as Portage. While the car was standing upon the track at Por-

Kleimenhagen vs. The Chicago, Milwaukee & St. Paul R. Co.

tage he attempted to enter the car, and while so doing the door became detached and fell upon him inflicting serious injuries.     The facts are more fully stated in the opinion.

At the close of the testimony the defendant moved the court to direct a verdict in its favor on the grounds that no negligence of the defendant had been shown and that upon the undisputed evidence the plaintiff was guilty of negligence which directly contributed to the injury.     The motion was denied.

There was a special verdict to the effect that the defendant was negligent in not having the door properly secured, that such negligence directly contributed to the accident, and that the plaintiff was not guilty of any contributory negligence.     The jury also assessed the plaintiff's damages at $2,000.     A motion by the defendant to set aside the verdict and for judgment in its favor was denied, and from the judgment entered upon the verdict in favor of the plaintiff the defendant appealed.

For the appellant there was a brief by *John W. Cary*, attorney, and *Burton Hanson*, of counsel, and oral argument by *H. H. Field*.

For the respondent there was a brief by *R. P. Perry*, attorney, and *G. Stevens*, of counsel, and oral argument by *Mr. Stevens*.

COLE, C. J.     The negligence charged against the company was in furnishing a defective and dangerous car for the transportation of the plaintiff's stock.     The particular defect alleged was that the door in the end of the car, through which access to the inside of the car was gained when it was loaded with stock, was loose, broken, and out of repair, so that the same was liable to fall when any one undertook to open it.     The jury found that the company was negligent in not having this door properly secured, and that this negligence directly contributed to the accident.

We think this finding is wholly unsupported by the evidence.

Of course, there should be some proof of the defendant's negligence or failure of duty to render it responsible for the injury which the plaintiff sustained. It was doubtless bound to furnish him a car for the transportation of his stock which was safe and in proper repair for the use intended. The question is, Did it fail in that duty? To our minds, the evidence is perfectly clear and conclusive that the car furnished was in good condition; that the door in the end of the car was constructed in the usual manner, and was in good repair, properly secured with the usual appliances devised for that purpose.

But it is said the mere fact that the door came out from between the bars, and fell forward upon the plaintiff when he was endeavoring to open it, fully warrants the inference that it either was not properly constructed in the first place, or that it was not properly secured. The evidence upon this point shows, beyond all dispute, that this end door is made of wood, and is about twenty inches wide and three feet long. On the corners of the door are pieces of cast-iron, called "shoes," which are about four inches wide, and so placed that two project above the top of the door and two below the bottom of it. In that part of the "shoes" which projects beyond the ends of the door are grooves, something over a half inch deep, which fit upon bars of wrought-iron that are two inches wide, three-eighths of an inch thick, and four feet long, which are firmly bolted to the car. These two bars are placed parallel with each other, and sufficiently far apart to allow the door to slide upon them to the right when opened, it being guided by the grooves in the "shoes" which project over the bars. As the door is constructed on the sliding principle, a little "play" or room has to be allowed, so that it will work easily. It appears that even when perfectly constructed

and in order the door will sometimes bind or stick so that opening it is attended with some difficulty. It is even necessary at times when it thus sticks to batter it open with a small scantling or piece of timber. The force to open the door should, of course, properly be applied in the direction of the slides. The plaintiff says at Portage he discovered that some of his stock were down in the car. He tried to get them up with a stick by punching them. Not succeeding in this, when the car was detached from the switch-engine he attempted to enter it through this end door to get his stock up. For this purpose, he climbed up·on the end of the car, and pushed the door open with his hand about six inches, when it stuck fast. He then got down, placed his feet on the draw-bar, and took hold of the door or the pin in the door with both hands, and gave a strong jerk with the whole weight of his body to open it. In exerting this force the door suddenly came out from between the bars, falling forward upon the plaintiff, who fell to the ground and was injured. This, in brief, is the undisputed testimony as to the construction of the door, and of the way it was wrenched or forced from its place on the bars.

The learned counsel for the plaintiff insists that the mere fact that the door came out as it did proves that something about it was wrong or out of order, and raises a presumption of negligence; because, he says, if the door had been in good condition, properly fastened, it would be impossible for it to come off the way it did. But it must be borne in mind that the door was constructed to move on the iron bars or slides. To open it, the force or pressure could only properly be exerted in the direction of these slides, as we have said. Now, according to the plaintiff's own account of the matter, he necessarily exerted his force partly away or outwardly from the car. This was unavoidable in the position he occupied while pulling and wrenching with the whole weight of his body, as he says he did.

He could not and would not exert his entire force on a line parallel with the end of the car, but would exert it on an angle with it. This, it seems to us, is very obvious. The fact that the door was displaced when the plaintiff was jerking and wrenching it in this manner does not, therefore, tend to prove it was out of order, or warrant any inference of negligence. The door was never intended to withstand force or pressure thus applied. It appears, furthermore, that immediately after the plaintiff had pulled the door off the car the servants of the company replaced it, using a steel bar to spring it back in position on the slides; and, when thus replaced, it moved freely on the bars, and no repairs were made upon it, nor were any necessary. In view of these facts, it seems to us impossible to say that the door was out of order, or was not properly secured, merely because the plaintiff had succeeded in pulling it off the slides when exerting all his force and strength in connection with the weight of his body, standing in the position he occupied. It would seem but the dictate of ordinary prudence, when he found he could not open the door but a few inches,— that something fastened it,— to have called upon the employees of the company for assistance in opening the door. He had failed in his efforts to open it in the usual way by the application of a reasonable degree of strength; and, after he had notice or warning that something bound it so that it did not freely slide, he persisted in his violent attempts to open it, standing in the position he describes. The employees of the company were near at hand, and he had but to call upon them to open the door for him. Indeed, it seems unaccountable that he did not ask them to aid him when he found he could only open the door a few inches by pushing it upon the slides. But, instead of doing this, as we have more than once said, he changed his position on the end of the car, stood with his feet on the draft-iron, and with both hands jerked the door

with all his strength and the weight of his body, necessarily pulling more or less away from the car. Counsel says it is absurd to suppose a man could, with his hands alone, pull the door off the bars by exerting his strength in that manner; but, as we have said, the door was intended to slide, and was not constructed to resist a force applied that way. The evidence clearly shows that there was no necessity for instant action in opening the door. The plaintiff had ample time and opportunity to obtain help when he found he could only move it a few inches by pushing against it in the usual way. Consequently, we are constrained to hold that there was no proof of negligence on the part of the defendant to carry that question to the jury, even if it could not be said, as a matter of law, that there was contributory negligence shown.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.